IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID GATHINGS,

    Petitioner,                         No. CIV S-04-2210 MCE EFB P

    vs.

IVAN D. CLAY[1], Warden,

    Respondent.                      ORDER

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Petitioner has submitted a letter about proceedings pending in state court and a request for "clarification." For the reasons explained, the court construes these documents as a request to stay this action[2] until petitioner exhausts available state remedies and, so construed, denies the request.

    On April 12, 2005, following an initial review of the petition, *see* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases, a different magistrate judge found that petitioner had

---

[1] Since commencing this action, petitioner has been transferred to the Sierra Conservation Center. The warden there, Ivan D. Clay, hereby is substituted as respondent. *See* Rule 2(a), Rules Governing § 2254 Proceedings; Fed. R. Civ. P. 25(d).

[2] The court notes that on February 4, 2008, petitioner requested the court to lift the stay. Since no stay ever was granted, the court takes no action on that request.

1

1  not presented two of his claims to the state courts and recommended that petitioner be given time
2  to do so and to move for a stay of this action.  On May 25, 2005, the district judge adopted these
3  findings and recommendations and gave petitioner 60 days to file an amended petition and a
4  motion to stay this action and hold it in abeyance until petitioner exhausted the available state
5  remedies.  On July 29, 2005, petitioner filed an amended petition containing his exhausted
6  claims, but did not move to stay this action.  Thus, on August 31, 2005, the court found that this
7  action would proceed on the amended petition and directed the respondent to file an answer.  On
8  February 20, 2007, petitioner filed a letter requesting that this case be "put on hold" while a state
9  court considered his claim that his sentence was unconstitutional under *Cunningham v.*
10 *California*, 127 S.Ct. 856, 870-71 (2007).  His December 26, 2007, request for clarification
11 asserts that the February 20 letter was, in fact, a motion to stay this action and hold it in
12 abeyance while he exhausts the available state remedies with respect to his claims under
13 *Cunningham*.  The court now addresses the request for stay.

14       In deciding whether to stay this case while petitioner exhausts his claims arising under
15 *Cunningham*, the court must determine whether he had good cause for his failure to exhaust,
16 whether the unexhausted claim clearly is meritless and whether petitioner engaged in
17 intentionally dilatory litigation tactics.  *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).
18 Petitioner has not addressed any of these factors in his February 20, 2007, letter or his December
19 26, 2007, request.  He does not state when he realized he could challenge the length of his
20 sentence or how long it took before he began pursuing such a challenge.  Neither does he make
21 any allegations that could lead the court to find that the challenge has some merit.  Thus, the
22 request to stay this action, must be denied.

23       Accordingly, it is ORDERED that petitioner's February 20, 2007, and December 26,
24 2007, requests are denied.
25 Dated:  April 22, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2